# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SMALL BUSINESS IN  
TRANSPORTATION COALITON  
1775 I St., NW Suite 1150  
Washington, DC 20006  

   *Plaintiff*

v.

     Civil Action No.:

MURIEL BOWSER, in her official  
capacity as Mayor of the District  
of Columbia  
1350 Pennsylvania Ave., NW  
Washington, DC 20004  

and

EVERETT LOTT, in his official capacity  
as Deputy Director, District Department  
of Transportation  
55 M. St., SE Ste. 400  
Washington, DC 20003  

and

MATTHEW MARCOU, in his official  
capacity as District Department of  
Transportation Associate Director for  
Public Space Regulations Division  
55 M. St. SE Ste. 400  
Washington, DC 20003  

   *Defendants*

## COMPLAINT

Plaintiff the Small Business in Transportation Coalition ("SBTC") brings this action against Defendants Muriel Bowser, Everett Lott, and Matthew Marcou, in their official capacities, for violations of 42 U.S.C. § 1983, and alleges as follows:

1

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff the SBTC is a 501(c)(6) trucking industry trade group representing approximately 15,000 interstate truckers and motor carriers, among other small players in the transportation industry and is headquartered at 1775 I St., NW Washington, DC 20006. SBTC brings this complaint on behalf of its members.

4.     Defendant Muriel Bowser is the Mayor of the District of Columbia. Defendant Bowser's office is located at 1350 Pennsylvania Ave., NW Washington, DC 20004. Defendant Bowser is being sued in her official capacity.

5.     Defendant Everett Lott is the Deputy Director for the District Department of Transportation. Defendant Lott's office is located at 55 M. St., SE Suite 400 Washington, DC 20003. Defendant Lott is being sued in his individual capacity.

6.     Defendant Matthew Marcou is the District Department of Transportation Associate Director for Public Space Regulations Division. Defendant Marcou is being sued in his individual capacity.

## STATEMENT OF FACTS

7.  On Friday, June 5, 2020, artists and District of Columbia municipal workers painted an enormous BLACK LIVES MATTER mural on 16th St., NW between H St., NW and K. St., NW. The mural was painted in safety yellow block letters that filled the entire width of the street.

8.  The BLACK LIVES MATTER mural on 16TH St., NW was commissioned by Defendant Muriel Bowser without legislative approval by the D.C. City Council or the U. S. Congress.

9.  Defendant Bowser approved and supports the painting of BLACK LIVES MATTER on 16th St., NW. As of the date of this complaint, the BLACK LIVES MATTER mural remains on display on 16th St., NW.

10. At a press conference following the June 5, 2020 street painting, Defendant Bowser stated, with respect to the BLACK LIVES MATTER message, "There are people who are craving to be heard and to be seen and to have their humanity recognized. We had the opportunity to send that message loud and clear on a very important street in our city."

11. On June 5, 2020, Defendant Bowser, without approval by the City Council renamed the two-block section of 16th St., NW where the BLACK LIVES MATTER painting is located to BLACK LIVES MATTER PLAZA.

12. Upon seeing that the District of Columbia now appears to allow organizations to paint expressive messages on public streets, Plaintiff SBTC, acting on behalf of its membership, decided to bring a race neutral occupational justice campaign and pursue the possibility of painting TRUCKER LIVES MATTER near the U.S. Department of Transportation in the District of Columbia.

13. Plaintiff SBTC investigated whether the District had any existing processes or procedures in place for requesting street paintings by reviewing the District Department of Transportation's permit application webpage. Neither the webpage, nor any other District Department of Transportation public information contained any reference to street paintings or any reasonable analogous subjects.

14. On August 27, 2020, Plaintiff SBTC, through its counsel, sent a letter to Defendant Bowser and District Attorney General Karl Racine to request a permit or other lawful approval to allow SBTC to paint its motto, TRUCKER LIVES MATTER on a street surrounding the U.S. Department of Transportation. See **Exhibit 1.**

15. In its letter to Defendant Bowser, Plaintiff SBTC explained that its truck driver members are an integral part of American commerce and are responsible for moving food and products across the United States through all kinds of conditions. However, truck drivers are coming under attack by protesters around the country who want to disrupt the flow of traffic and are often physically injured and killed. Although the U.S. Department of Transportation knows about these attacks, it has done nothing to make the roads safer for truckers, especially during social unrest, during which, interstate highways and hazmat trucks have been seized by rioters. The message, TRUCKER LIVES MATTER, would serve as a daily reminder to U.S. Department of Transportation officials that the regulations and policies they make affect the lives of truckers around the country.

16. On September 3, 2020, Plaintiff SBTC, through its counsel wrote to D.C. Deputy Mayor John Falcicchio as a follow-up to the letter sent to Defendant Bowser reiterating the request for information on obtaining a permit to paint TRUCKER LIVES MATTER on a street encircling the U.S. Department of Transportation. A copy of the letter to Defendant Bowser was attached.

4

17. On September 3, 2020, Deputy Mayor Falcicchio responded to the email, stating:

> "DDOT handles public space. Everett (Defendant Everett Lott) can direct you to the appropriate staff to see what is possible."

18. On September 4, 2020, Defendant Lott sent an email to Plaintiff's counsel stating:

> "Thanks for your email. John is correct that we (DDOT) are the responsible agency for issuing public space permits. I have cc'd the manager of that division (Defendant Matthew Marcou) so he can explain the process for submitting an application."

19. On September 8, 2020, Plaintiff SBTC's Executive Director, James Lamb wrote an email to Defendant Marcou and stated, in part:

> "Mr. Marcou, Trucking media, copied here, have started to inquire about this public space issue in furtherance of this previously published story.
>
> I do not know what to tell them because we have not received the application from you yet to paint TRUCKER LIVES MATTER on the street in front of USDOT HQ.
>
> America's truckers are now facing a double-digit increase in murder rates in 36 out of 50 top cities and we are trying to bring the plight of truckers to the attention of the public and government officials …
>
> We have been waiting nearly two weeks. Please advise how we can apply to get the same approval the city gave for BLACK LIVES MATTER and DEFUND THE POLICE to be painted on the streets of DC.
>
> Please be advised that any further unreasonable delay may be deemed a constructive denial and may result in judicial intervention to compel due process and approval."

20. On September 8, 2020, Defendant Marcou responded to Mr. Lamb by email and stated:

> "Thank you for reaching out about this. I have moved Mr. Falcicchio to BCC for his awareness of this follow up.
>
> Let me look into your request. I will be back in touch shortly.

21. On September 8, 2020, SBTC Executive Director James Lamb responded to Defendant Marcou by email as follows:

> "Thank you. We would like the painting to happen next week, if possible, as it is National Truck Driver Appreciate Week. September 13-19. I would hope we could obtain approval within this timeframe."

22. On September 8, 2020, Defendant Marcau responded to Mr. Lamb by email and stated:

> "The District Department of Transportation (DDOT) does not issue permits to install markings on open DC roadways or sidewalks. The District Government may commission markings on roadways and sidewalks. The District Government may also allow markings as part of a special event on roadways and sidewalks that are closed or restricted by DDOT or MPD, provided that the installations are only temporary and removed prior to the re-opening of the restricted areas."

23. On September 8, 2020, in response to Defendant Marcau's email to Mr. James Lamb, SBTC's counsel sent an email to Defendant Marcau, copying Defendant Lott and stated:

> "Dear Mr. Marcou -- As you may know, I represent the Small Business in Transportation Coalition. I am in receipt of your email to Mr. James Lamb earlier today. Based on the said email, I am concerned that the DDOT is not giving the Small Business in Transportation Coalition's request the same level of consideration it gave to Black Lives Matter, Inc. when it's mural, along with the words "Defund the Police" were painted on 16th St., NW.
>
> The Black Lives Matter, Inc.'s mural is clearly an expressive activity on a public thoroughfare. Having lived in Washington, DC for 26 years, I know with a certain degree of certainty that the area of 16th St., NW usually has a relatively high volume of traffic activity; at least it did before the protests took over that section of the street.
>
> While I personally do not see the value in the "Defund the Police" mural, I can understand the purpose of the Black Lives Matter mural. Nonetheless, they are both political messaging, put in place on a public roadway, and maintained with public tax dollars. And they are there to send a message to President Trump.
>
> Truck drivers around the country are being attacked, injured, and sometimes killed while they are doing their jobs. Many of these attacks are coming from BLM protesters. SBTC reached out to the US Department of Transportation regarding this issue, and we were ignored. The mural Trucker Lives Matter will

6

> send a message and remind the officials at the Department of Transportation that they need to look out for truckers.
>
> If the Black Lives Matter and Defund the Police paintings were commissioned by the District Government, please advise me as to who I should contact to receive the same level of consideration for the Trucker Lives Matter mural. If the Black Lives Matter and Defund the Police murals are only temporary, please let me know that date when they will be removed, and please consider putting Trucker Lives Matter in its place.
>
> For your review and consideration, I attached a copy of SBTC's formal request for a permit to paint Trucker Lives Matter in the vicinity of the U.S. Department of Transportation.
>
> Please let me know your final decision on our request within 3 business days."

24. On September 8, 2020, SBTC Executive Director James Lamb forwarded the email from SBTC's counsel to Defendant Marcau to D.C. Deputy Mayor John Falcicchio.

25. On September 9, 2020 in response to James Lamb's email, D.C. Deputy Mayor Falcicchio sent the following email to Plaintiff:

> "Since marking the road in the location you presented is not feasible, DDOT can assist if there is some other display you would like to present in the public space and the steps necessary to approve it."

26. In response to Mr. Falcicchio's email of September 9, 2020, SBTC Executive Director James Lamb sent the following email to Mr. Falcicchio, Defendant Marcou, and Defendant Everett:

> "We want the right to mark the road TRUCKER LIVES MATTER.
>
> Just like the city granted that right to BLM for the phrase BLACK LIVES MATTER and DEFUND THE POLICE.
>
> I have attached a map that shows the New Jersey Ave. SE/M St. SE Intersection.
>
> What criteria is used to determine if a road is feasible?"

27. On September 10, 2020, SBTC Executive Director James Lamb sent a detailed email to

7

D.C. Deputy Mayor Falcicchio, copying Defendants Marcou and Lott describing the statistics of truck drivers being injured or killed on roadways vis-à-vis Black people being injured or killed by police. Additionally, Mr. Lamb's email stated in relevant part:

> "Our cause should therefore be given the same consideration as you gave to BLM.
>
> The city should not give BLM preferential treatment and discriminate against us when it comes to painting the street.
>
> We are therefore very anxious to get the road near US DOT HQ Painted our mantra TRUCKER LIVES MATTER …
>
> No one has provided us with an application to fill out and we continue to get bounced around.
>
> It therefore appears you do not have a formal application in place for this and you deal with these requests arbitrarily on a case-by-case basis.
>
> We respectfully request permission to paint on New Jersey Avenue SE at the M Street SE junction.
>
> Alternatively, we can paint on M Street SE at the New Jersey Avenue SE junction.
>
> Which of the two options is more feasible?"
>
> Again, next week is National Trucker Driver Appreciation Week and we would like to paint the road during that time to make our point that thanking truckers is nice but taking action to protect their safety is even nicer.
>
> Please advise at this time if the DC government will be approving or denying this request so that we may know how to proceed to protect the legal interests of our members and America's 3.5 million truckers."

28.    On September 10, 2020, D.C. Deputy Mayor Falcicchio wrote an email to Plaintiff stating the following:

> "Thank you for sharing this information. We appreciate the determination toil and sacrifice of workers in the industry and understand its impact on the economy. DDOT can advise on use of public space nearby since painting on the aforementioned streets to not be an option."

8

29. Plaintiff SBTC's counsel responded to Deputy Mayor Falcicchio's email as follows:

> "Dear Mr. Falcicchio - Thank you for your response. You provided us with information, but you failed to explain why "Black Lives Matter" is allotted public space in the District, but "Trucker Lives Matter" is not.
>
> It appears 16th St. NW - which was once a busy thoroughfare, was purposely closed to accommodate one particular organization. It is clear that the process for an organization to obtain a permit or authorization to paint a mural on the streets of the District is arbitrary and favors only one viewpoint, which is expressed on 16th St. NW. "Viewpoint discrimination - which the District is doing to truckers in general and SBTC in particular - violates the First Amendment of the U.S. Constitution, no matter what type of forum is at issue.
>
> We have been patient. We have been flexible. We have stated that we are willing to paint our motto on any street around the Department of Transportation. Painting our motto on any location away from the Department of Transportation takes away from the purpose of the message.
>
> We request the same opportunity and the same consideration given to the Black Lives Matter and Defund the Police proponents. We request that opportunity within the next 24 hours.
>
> If you continue to put us off and deny us the same opportunity given to other organizations, you will leave us with no choice but to seek a remedy with the U.S. District Court."

30. Defendants did not respond to Plaintiff's counsel's email.

31. On Friday, September 11, 2020, Plaintiff's counsel along with an investigator went to the U.S. Department of Transportation to determine if any streets surrounding the U.S. Department of Transportation is presently closed to traffic and would be suitable for painting TRUCKER LIVES MATTER on the roadway.

32. Plaintiff's counsel located a street that was already closed to traffic right behind the U.S. Department of Transportation. The closed section is 3rd St., NW between M. St., NW and Tingy St., NW. Photos of the closed street are attached as **Exhibit 2** and **Exhibit 3**.

33. Upon discovering the closed street behind the U.S. Department of Transportation, Plaintiff's counsel wrote to Deputy Mayor Falcicchio, copying Defendant Marcou and Defendant Lott as follows:

> "Dear Mr. Falcicchio -- In an effort to show that we have done our due diligence in this matter, attached please find 2 photos of the street directly behind the US Dept. of Transportation. You may recall that SBTC asked for permission to paint 'Trucker Lives Matter' <u>on any street surrounding the U.S. Department of Transportation</u>.
> You told us painting on those streets was not an option.
>
> As you can see, the street directly behind the US DOT (3rd St SE between M St. and Tigley) is closed to traffic. Is there any reason, other than the clear showing of favoritism, why SBTC cannot paint 'Trucker Lives Matter' on this street? The District clearly allows certain organizations to display their viewpoint on public streets.
>
> Additionally, since the District decided to rename a section of a public street Black Lives Matter Plaza, SBTC requests that this section of 3rd St., NW -- with the Trucker Lives Matter mural on it, be renamed TRUCKER LIVES MATTER PLAZA."

34. Defendants did not respond to Plaintiff's counsel's email request to paint TRUCKER LIVES MATTER on the closed section of 3rd St., NW between M. St NW and Tingly St., NW.

35. On information and belief, no permit was requested or issued for the BLACK LIVES MATTER or the DEFUND THE POLICE messages on 16th St., NW, and no process or procedure exists to request a permit to paint an expressive message on the surface of a District street or otherwise obtain consideration for a mural to be "commissioned."

36. On information and belief, until the BLACK LIVES MATTER and DEFUND THE POLICE messages were painted on 16th St., NW, the District had not permitted an expressive message to be painted on the surface of a District street and considered such markings unlawful graffiti.

37. On information and belief, neither the District of Columbia City Council, nor the U.S. Congress passed legislation authorizing the painting of BLACK LIVES MATTER and DEFUND THE POLICE on 16th St., NW prior to messages being painted on the street.

### COUNT I
### (Violation of 42 U.S.C. § 1983)

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. Defendants acting under the color of District of Columbia law, have deprived and are depriving Plaintiff of rights protected under the First Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983 by, *inter alia:* (a) allowing District streets to be used for the painting of expressive messages, which constitutes protected First Amendment activity, but denying the Plaintiff the timely opportunity to paint at its own cost or request the city paint under commission its expressive message on a District street for reasons that are not narrowly drawn to achieve a compelling governmental interest; (b) failing to provide a reasonable basis for denying Plaintiff the timely opportunity to paint at its own cost or request the city paint under commission its expressive message on a District street; (c) favoring the expressive messages painted on 16th St., NW and creating the appearance of endorsing those messages to the exclusion of Plaintiff's message on a related subject matter; (d) failing to provide reasonable, non-arbitrary processes and procedures for timely consideration of Plaintiff's request to paint at its own cost or request the city paint under commission an expressive message on District streets even after Plaintiff pointed out a closed street in an area in the District suitable for Plaintiff's expressive message.

40. Plaintiff is being irreparably harmed by reason of Defendants' deprivation of Plaintiff's rights under the First Amendment and violation of 42 U.S.C. § 1983, and Plaintiff will continue to be irreparably harmed until and unless Defendants' unlawful conduct is enjoined.

41.   Plaintiff has no other adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the Court: (1) declare Defendants' conduct to violate Plaintiff's First Amendment rights and to violate 42 U S.C. § 1983 unlawful; (2) enjoin Defendants from continuing to deprive Plaintiff of its First Amendment rights, as secured by 42 U.S.C. § 1983; (3) order Defendants to either paint Plaintiff's motto on 3rd St., NW between M. St., NW and Tingy St., NW., which is near USDOT offices or issue a permit allowing Plaintiff to paint its expressive message at its own cost on 3rd St., NW between M. St., NW and Tingy St., NW. for at least as long as the "BLACK LIVES MATTER" message has appeared on and remains on 16th St. NW; (4) order Defendants to declare and officially name the area designated for Plaintiff's expressive message "TRUCKER LIVES MATTER PLAZA"; (5) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action; and (6) grant Plaintiff such other relief as the court deems proper and just.

Dated: September 18, 2020                               Respectfully submitted,

/s/ Laurence L. Socci
Laurence L. Socci, Esq.
D.C. Bar No.: 241318
P.O. Box 14051
Washington, DC 20044
(202) 262-5843
laurence.socci@soccilawfirm.com
Attorney for Plaintiff